UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CORNELIUS LEE DOUGLAS, SR., as Personal Representative of the Estate of Asha N. Douglas and as natural parent and Guardian of C.L.D., <br><br> Plaintiff, <br><br> -vs- <br><br><br> AMERICAN GENERAL LIFE INS. CO., <br><br> Defendant. | Civil Action No.: 4:13-cv-3324-BHH-TER <br><br><br><br><br> **REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

This action arises out of a life insurance policy issued by Defendant and insuring the life of Asha N. Douglas (decedent), who died in an automobile accident. Plaintiff brought this action individually, as personal representative of the estate of decedent, and as parent and guardian for his son, C.L.D. Presently before the court is the Verified Motion to Compel Settlement and Petition for Approval of Minor's Settlement (Document # 33). Plaintiff, who is proceeding pro se, failed to file a response to the motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. This report and recommendation is entered for review by the district judge.

## II.    PROCEDURAL HISTORY

On November 21, 2014, Defendant filed a motion for summary judgment, arguing that the life insurance policy at issue lapsed just prior to decedent's death. A dispute also exists as to the proper beneficiary under the policy. The parties mediated the case prior to a ruling on the motion for summary judgment and reached a settlement. At the conclusion of the mediation, the agreement was reduced to writing and signed by counsel for all parties with a more detailed written agreement

to be executed at a later time. Plaintiff, the personal representative of decedent's estate and father of the minor child, C.L.D., later refused to sign the more detailed documents.

Kevin Barth, Esq., counsel for Plaintiff, then moved for appointment of a Guardian ad Litem for C.L.D., believing a conflict of interest may exist between Plaintiff and his son. The court granted the motion and appointed Ashley Nance, Esq., as Guardian ad Litem for C.L.D. The Guardian ad Litem filed the present motion to compel settlement.

Barth moved to be relieved as counsel for Plaintiff and for an order protecting his lien interest against the settlement proceeds. The district judge held a hearing on the motion and Plaintiff was present. The motion was granted, and the court allowed Plaintiff thirty days to retain new counsel. No notice of appearance was filed on Plaintiff's behalf within the time frame set by the court. Thus, Plaintiff is now proceeding pro se.

The undersigned entered an order directing Plaintiff to file a response to the motion to compel settlement within ten days of the date of the order. The order warned Plaintiff that a failure to respond may result in a recommendation that the motion be granted as unopposed. Plaintiff has not filed a response.

**III.     FACTS**

As stated above, Plaintiff has not filed a response to the motion to compel settlement and, thus, the facts as set forth in the motion are undisputed. Plaintiff, as natural parent of C.L.D. and as personal representative of the estate of decedent, brought this action seeking benefits under a life insurance policy issued by Defendant on the life of decedent, the mother of C.L.D. The death benefit under the policy was $500,000. Decedent died on July 8, 2008, in an automobile accident.

Defendant denies liability on the grounds that the policy had lapsed for nonpayment of premiums prior to the death of decedent.

Decedent was married to Plaintiff, and they had one child together, C.L.D. Decedent never had any other children. Upon finding out certain information about her husband's other children from prior relationships, decedent sought to change the name of her son from C.L.D. to Eric T. Hamilton. She began the process by changing the name of the beneficiary listed in the policy at issue as well as two other life insurance policies to Eric T. Hamilton, and indicated that this person was her son. However, decedent died before she changed C.L.D.'s legal name to match the designation of beneficiary on the policies. All parties deny knowledge of any real person named Eric T. Hamilton.

Mediation was held in this case on December 8, 2014, with mediator J. Boone Aiken, III. Plaintiff, by and through counsel, reached a settlement with Defendant for $87,500.00, which was reduced to writing and signed by all counsel. Settlement Agreement (Ex. A to Motion).[1] The settlement agreement stated the settlement was conditioned upon court approval of the settlement of any and all claims of the minor child, C.L.D., and that formal settlement documents would follow. Id.

Subsequent to the date of mediation, a more detailed release and settlement agreement, which provided that the settlement proceeds were to be divided equally between Plaintiff and C.L.D., was drafted for Plaintiff's signature. Id. However, Plaintiff notified Barth that he would not execute the documents and that he was no longer in agreement with the settlement provisions.

The matter is now before the court on the Guardian ad Litem's Verified Motion to Compel Settlement and Petition for Approval of Minor's Settlement.

---

[1] See Local Civil Rule 16.08, D.S.C., which sets forth the duties of the parties, representatives and attorneys at mediation.

## IV.   DISCUSSION

In the Fourth Circuit[2], "[o]nce a settlement agreement is reached, a district court judge possesses 'the inherent authority to enforce a settlement agreement and to enter judgment based upon an agreement without a plenary hearing.'" U.S. ex rel McDermitt, Inc. v. Centex-Simpson Const. Co., 34 F. Supp. 2d 397, 399 (N.D.W.Va. 1999) (citing Petty v. The Timken Corp., 849 F.2d 130, 132 (4th Cir.1988)), aff'd sub nom. United States v. Centex-Simpson Const., 203 F.3d 824 (4th Cir. 2000); Young v. F.D.I.C., 103 F.3d 1180, 1194 (4th Cir. 1997).  "[T]he court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of the agreement." Hensley v. Alcon Laboratories, Inc., 277 F.3d 535, 540 (4th Cir.2002).

Here, the evidence in the record, namely, mediation attended by all parties which resulted in a settlement agreement reduced to writing and executed by counsel for all parties, demonstrates that the parties intended to be bound.[3]  Plaintiff has not opposed this motion and, thus, fails to present any evidence that would allow this court to conclude anything to the contrary.  "Having second

---

[2]This court has jurisdiction over this action due to diversity of citizenship pursuant to 28 U.S.C. § 1332.  The Fourth Circuit has found that federal law governs the enforceability of settlement agreements reached in federal cases. Gamewell Manufacturing, Inc. v. HVAC Supply, Inc., 715 F.2d 112, 116 (4th Cir. 1983).  In Gamewell, the Fourth Circuit stated that
> [s]ettlements and releases assertedly entered into in respect of federal litigation already in progress implicate federal procedural interests distinct from the underlying substantive interests of the parties. Once a claim—whatever its jurisdictional basis—is initiated in the federal courts, we believe that the standards by which that litigation may be settled, and hence resolved short of adjudication on the merits, are preeminently a matter for resolution by federal common law principles, independently derived.

Id. at 115.

[3]Attorneys must have actual or apparent authority to settle a case on behalf of their client.  See Auvil v. Grafton Homes, Inc., 92 F.3d 226, 230 (4th Cir. 1996).  It is undisputed that the parties reached a settlement at mediation and that counsel for Plaintiff signed the agreement on Plaintiff's behalf.  Thus, it clearly appears that counsel had at least apparent authority to settle the case.  Also, as set forth above, this motion is unopposed.

thoughts about the result of a settlement agreement does not justify setting aside an otherwise valid agreement." Young, 103 F.3d at 1195. Accordingly, Plaintiff is bound by the terms of the settlement agreement reached at mediation.

Because this settlement involves a minor child, court approval is necessary pursuant to S.C. Code Ann. § 62-5-433. The minor child, by and through his Guardian ad Litem, has requested approval of the settlement in accordance with the terms set forth in paragraph nine of the verified Motion to Compel Settlement and Petition for Approval of Minor's Settlement, which provides,

> In return for a complete release of all claims against the Defendant, the Defendant has agreed to pay the sum of EIGHTY-SEVEN THOUSAND FIVE HUNDRED AND 00/100 ($87,5000.00) DOLLARS. Of this total, attorney for Plaintiff shall receive TWENTY-NINE THOUSAND ONE HUNDRED SIXTY-SIX AND 67/100 ($29,166.67) DOLLARS in attorney's fees and FIVE THOUSAND TWO HUNDRED SIXTY-ONE AND 10/100 ($5,261.10) DOLLARS as a reimbursement of reasonable costs. The remaining amount of FIFTY-THREE THOUSAND SEVENTY-TWO AND 33/100 ($53,072.23) DOLLARS is to be divided evenly between C.L.D. and Cornelious [sic] Douglas as Personal representative of the Estate of Asha Douglas. A net amount of TWENTY-SIX THOUSAND FIVE HUNDRED THIRTY-SIX AND 11/100 ($26,536.11) DOLLARS is to be paid to the minor child and held by the duly appointed conservator, John S. Turner, CPA.

Verified Motion ¶ 9.[4] There has been no opposition filed against settlement pursuant to those terms. This settlement was reached after a year of litigation during which full discovery was conducted. Verified Motion ¶ 10. The Guardian ad Litem states that he has carefully reviewed the circumstances and is in agreement with the settlement. Verified Motion ¶ 8. He further believes that the settlement is in the best interests of the minor child in light of the issues raised by Defendant in it's motion for summary judgment, namely the dispute over the lapse of the policy and the confusion

---

[4] As noted in the Verified Motion, on August 31, 2011, in the action styled Cornelius L. Douglas, Sr. as Personal Representative of the Estate of Asha Douglas v. Eric T. Hamilton, Garden State Life Ins. Co., and Prudential Life Ins. Co., 4:11-cv-1250-TER, the court approved a settlement involving two other life insurance companies under very similar terms. The proceeds were distributed evenly between C.L.D. and Douglas in that case as well.

arising from the beneficiary designation, and applicable case law.  Verified Motion ¶¶ 8, 13.

After review of the record, the undersigned is satisfied that the settlement of this action as set forth in paragraph nine of the Verified Motion is proper and in the best interests of the minor child.[5]

## V.     CONCLUSION

For the reasons discussed above, it is recommended that the court find (1) the parties entered into a binding settlement agreement at mediation on December 8, 2014, and (2) the terms of the settlement agreement as set forth in paragraph nine of the Guardian ad Litem's Verified Motion are proper and in the best interests of the minor child.

It is further recommended that the Verified Motion to Compel Settlement and Petition for Approval of Minor's Settlement (Document # 33) be granted, the Guardian ad Litem be authorized to execute such settlement documents on behalf of the minor as are appropriate to carry out this settlement agreement for the benefit of the minor, and that the  settlement funds be disbursed as set forth in paragraph nine of the Verified Motion.  Funds disbursed to the minor should be directed to minor's duly appointed conservator, John S. Turner, CPA, to be held for the benefit of the minor in accordance with applicable state law and as directed by, and under the terms of, the Probate Court for Florence County, South Carolina.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 12, 2015  
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[5] Upon review of the record and the Verified Motion, the undersigned finds that no further testimony is required, and, thus, no hearing is necessary.  See S.C. Code Ann. § 62-5-433(B)(2).